UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 06 CR 923-2 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| RAIMONDORAY CERNA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Raimondoray Cerna filed a *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [1242]. Defendant's Motion [1242] is denied.

## STATEMENT

On October 10, 2007, Defendant pled guilty to two counts of wire fraud under 18 U.S.C. § 1343. On June 15, 2010, Defendant was sentenced to 180 months' imprisonment.

The Sentencing Commission promulgated Amendment 791, which, among other things, amended the sentencing calculations for loss amounts under U.S.S.G. § 2B1.1(b)(1) to account for inflation. Amendment 791 had an effective date of November 1, 2015. Defendant was sentenced on June 15, 2010; and his sentence was affirmed by the Seventh Circuit on April 12, 2012. "A federal prisoner whose sentence has become final cannot take advantage of a later amendment to the guidelines unless it is included in the list of retroactive amendments found in Section 1B1.10(c) of the sentencing guidelines regardless whether the amendment is substantive or clarifying." *United States v. Johns*, 347 F. App'x 240, 242 (7th Cir. 2009) (citing 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a); *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004); *United States v. Lykes*, 73 F.3d 140, 143 (7th Cir. 1995)). Defendant's sentence was

final before the effective date of Amendment 791, and Amendment 791 is not on the list of retroactive amendments. Therefore, this Court has no authority to reduce Defendant's sentence pursuant to Amendment 791. *See Dillon v. United States*, 560 U.S. 817, 824-25 (2010) (holding that courts lack authority to reduce otherwise final sentences based on sentencing ranges that have subsequently been lowered by the Sentencing Commission pursuant to an amendment unless the Sentencing Commission also makes the application of the amendment retroactive).

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [1242] is denied.

Date: November 1, 2016

/s/ John W. Darrah
John W. Darrah
U.S. District Court Judge